UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Reaction Labs LLC a/k/a Lup, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-458 |
| | § | |
| Liquipel, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## **PLAINTIFF REACTION LABS LLC A/K/A LUP'S ORIGINAL COMPLAINT**

Plaintiff Reaction Labs LLC a/k/a Lup ("Lup") files this Complaint against Liquipel, LLC ("Liquipel") seeking damages and other relief for patent infringement, and allege as follows:

### **NATURE OF ACTION**

1. This is an action for patent infringement arising under Title 35 of the United States Code, seeking monetary damages and other relief against Defendant due to its infringement of Plaintiff's rights in United States Patent No. 11,972,881 ("'881 Patent") (the "Asserted Patent") in accordance with 35 U.S.C. § 271.

### **PARTIES**

2. Plaintiff Lup is a limited liability company organized and existing under the laws of Texas and maintains a principal place of business at 5606 Shoalwood Ave., Austin, Texas 78756. Lup is in the business of selling magnetized data and power cables under the brand "Lūp," and its emerging technology is beginning to be adopted widely. Lup has also exclusively licensed the Asserted Patent to Statik, who sells authorized products under the brand "MagStack."

3. On information and belief, Defendant Liquipel, LLC is a limited liability company organized under the laws of the State of California, with a principal place of business at 19800

Macarthur Blvd., Suite 300, Irvine, CA 92612. As a foreign limited liability company doing business in the state of Texas without being registered as required by Chapter 9 of the Texas Business Organizations Code ("Tex. Bus. Orgs. Code"), Liquipel may be served with process by serving the Secretary of State of the State of Texas, its agent for service of process in accordance with Tex. Bus. Orgs. Code § 5.251. Alternatively, Defendant Liquipel may be served with process through its registered agent, Amanda E. Manahan, 20 Enterprise, Suite 375, Aliso Viejo, CA 92656. Alternatively, Defendant Liquipel may be served with process at a secondary business address listed on its product packaging: 28 Argonaut, Ste 100, Aliso Viejo, CA 92656.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a). The jurisdiction is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. § 1400. Venue is proper under 28 U.S.C. §§ 1391(a) & (c), and 1400(b).

5. This Court has personal jurisdiction over Defendant under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

6. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Western District of Texas: Defendant is present within and has minimum contacts within the State of Texas and the Western District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; and Defendant regularly conducts business within the State of Texas and within the Western District of Texas.

7. Defendant directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas. For example, Defendant offers and sells the accused products through distributors and retailers, including Cellular Sales of Texas, LLC at its store in Austin, Texas on Burnet Road. The picture below shows the sales display at that store, including the Accused Products:



8. This Court also has personal jurisdiction over Defendant because Defendant has committed, contributed to, and induced acts of patent infringement and has regularly and systematically conducted and solicited business in this District by and through at least the sales and offers for sale of Defendant's products, and other contractual arrangements with Defendant's customers, developers, distributors and third-party providers using Defendant's products located in and/or doing business in this District.

9.     Defendant has been, and currently is, continuously and systematically conducting business in this jurisdiction and throughout Texas.  Defendant has systematically, continuously, and purposely harmed Lup in this jurisdiction by infringing one or more claims of the Asserted Patent.

10.    The claims at issue in this case arise in part out of the products offered for sale by Defendant in the state of Texas and this judicial district.

## ASSERTED PATENT

### U.S. Patent No. 11,972,881

11.    On June 22, 2023, United States Patent Application No. 18,339,272 entitled "Magnetized Cable for Improved Cable Management" was filed in the United States Patent and Trademark Office.

12.    On April 30, 2024, the United States Patent and Trademark Office granted United States Patent No. 11,972,881.  A true and correct copy of the '881 Patent is attached hereto as "**Exhibit A**" and is incorporated herein by reference.

13.    The '881 Patent is valid and subsisting.

14.    The sole inventor of the '881 Patent is John Nashed Hanna.  John Nashed Hanna has assigned all rights and title to Lup.  Therefore, Lup is the sole owner by assignment of the '881 Patent, and possesses all rights of recovery under the '881 Patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

## CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 11,972,881

15.    Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if set forth here in full.

16. Lup is the owner of the '881 Patent titled *Magnetized Cable For Improved Cable Management*. **Exhibit A**.

17. Upon information and belief, Defendant imports, offers for sale, and sells products through its brand "Simple" (www.mysimple.us) that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '881 Patent including, for example, its magnetic 4 or 6 Ft USB-C Cables with USB-C Connector and its magnetic 4 or 6 Ft USB-A Cable with USB-C Connector ("Accused Products"). Below are pictures of an Accused Product sold in Austin, Texas:



18. The Accused Products satisfy all claim limitations of one or more claims of the '881 Patent. For example, the Accused Products infringe Claim 1 and comprise a magnetized cable. **Exhibits B – E** ("Magnetic Injection Technology enhances the magnetic properties of their Tough Knit braided cables, providing strong magnetic attraction.")

19. The Accused Products comprise one or more electrically conductive wires. *Id*. ("This cable can be used to charge and transfer data. . .").

20. The Accused Products comprise an elongated flexible magnetized component (EFMC) configured to produce a persistent magnetic force wherein at least some portions of the magnetized cable are magnetically attracted to at least some other portions of the magnetized cable when the magnetized cable is coiled. *Id.* ("Magnetic Injection Technology enhances the magnetic properties of their Tough Knit braided cables, providing strong magnetic attraction. This feature facilitates automatic cable management, making these cables ideal for travel, office, home, or car use by effectively preventing tangling.")

21. The Accused Products comprise an EFMC which includes a pliable polymer binder and magnetic particles distributed within the pliable polymer binder. *Id.* ("The process of magnetic injection molding involves blending magnetic materials, such as neodymium-iron-boron (NdFeB) powders, with a polymer binder.")

22. The Accused Product comprise a magnetic cable with a substantially rectangular cross section defining a pair of substantially planar and parallel major surfaces, where the first of the major surfaces lies within a first polarity region of the persistent magnetic field and a second of the major surfaces lies within a second polarity region of the persistent magnetic field. *Id.*

23. As another example, the Accused Products infringe Claim 6 and comprise a magnetized cable comprising one or more electrically conductive wires and an elongated flexible magnetized component (EFMC) configured to produce a persistent magnetic force wherein at least some portions of the magnetized cable are magnetically attracted to at least some other portions of the magnetized cable when the magnetized cable is coiled, wherein at least one of the one or more electrically conductive wires is embedded in and surrounded by the EFMC. *Id.*

24.   By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '881 Patent pursuant to 35 U.S.C. § 271.

25.   As a result of Defendant's infringement, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

26.   Lup's own patented products and its licensee's authorized products are in direct competition with the Accused Products.  As a result of Defendant's ongoing infringement, Plaintiff and its licensee are and will continue suffering irreparable harm, including price erosion, loss of market position, and loss of business opportunities.  This irreparable harm will continue to increase unless Defendant is enjoined from its infringing conduct.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

A.   A judgment in favor of Plaintiff that Defendant has infringed the '881 Patent;

B.   A judgment in favor of Plaintiff by awarded damages adequate to compensate it for Defendant's past infringement and any continuing or future infringement of the '881 Patent up until the date of such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and if necessary to adequately compensate Plaintiff for Defendant's infringement, and accounting;

C.   A preliminary and permanent injunction enjoining Defendant and those in active concert or participation with Defendant from infringing the '881 Patent;

D.  Awarding Plaintiff's Attorneys' fees, costs and expenses incurred in prosecuting this action; and

E.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(e), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 27, 2025

Respectfully Submitted,

*/s/ Daniel Scardino*
Daniel Scardino
Texas State Bar No. 24033165
Henning Schmidt
Texas State Bar No. 24060569
SCARDINO LLP
111 Congress Avenue, Suite 500
Austin, TX 78701
Tel.: (512) 443-1667
Fax: (512) 487-7606
daniel@scardinollp.com
Henning.schmidt@scardinollp.com

*Counsel for Plaintiff Reaction Labs LLC a/k/a Lup*